

## NUMBER 13-09-00238-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ALFREDO ZAMARRIPA, INDIVIDUALLY
AND AS GUARDIAN OF THE PERSON
AND  ESTATE OF MARICELA ZAMARRIPA,                    Appellant,

v.

MARIA DEL REFUGIO REYNOLDS AND
STEVEN C. REYNOLDS, TRUSTEE,                    Appellees.

## On appeal from the 389th District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion Per Curiam

Alfredo Zamarripa, individually and as guardian of the person and estate of Maricela

Zamarripa, attempts to appeal a summary judgment rendered against him February 18,

2009.  On August 17, 2009, Maria del Refugio Reynolds and Steven C. Reynolds, Trustee

("Reynolds"), appellees, filed an amended motion to dismiss arguing that this court lacked

jurisdiction to hear this case because the trial court's summary judgment was not a final judgment. On September 24, 2009, we abated the appeal and remanded the case the trial court for clarification. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001); TEX. R. APP. P. 27.2, 44.3, 44.4.

On October 16, 2009, the trial court held a status hearing and reviewed Reynolds's "Third Amended Original Petition in Intervention," the live pleadings at the time of the granting of the partial summary judgment. The trial court filed with the Court a supplemental record consisting of a transcript of the status hearing and a "Nunc Pro Tunc Default Judgment." In the transcript of the hearing, the trial court summarized the claims which were not disposed of by the partial summary judgment. Our review of the same petition and the order granting summary judgment lead us to the same conclusion as the trial court: the summary judgment did not dispose of all of the claims raised in Reynolds's third amended petition. Because the partial summary judgment did not dispose of all of Reynolds's claims, it was not a final judgment. *See Lehmann*, 39 S.W.3d at 195.

Appellate courts only have jurisdiction over judgments that are final and such interlocutory orders as the legislature specifies are appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon Supp. 2009), § 51.012 (Vernon 2008); *Lehmann*, 39 S.W.3d at 195. Therefore, we DISMISS the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2.

PER CURIAM

Delivered and filed the
3rd day of December, 2009.

2